UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THEODORE JENKINS,

                            Plaintiff,

            -against-                                    7:19-CV-10419 (CS)

L. MALIN, Deputy Superintendent of                      ORDER OF SERVICE
Administration; OMAR SHELTON, Food
Service Administrator; CRUZ, Civilian Cook V,

                            Defendants.

CATHY SEIBEL, United States District Judge:

        Plaintiff, who appears *pro se* and is presently incarcerated in the Sing Sing Correctional

Facility, brings this action asserting claims under 42 U.S.C. § 1983 and state law. He sues (1) L.

Malin, Sing Sing's Deputy Superintendent of Administration, (2) Omar Shelton, a Sing Sing

Food Administrator, and (3) Cruz, a Sing Sing civilian cook. By order dated December 12, 2019,

the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma

pauperis* ("IFP").[1] The Court directs service on Shelton and Cruz

                                    **DISCUSSION**

        The Court is not ordering service on Defendant Malin at this time because the Complaint

alleges no facts as to her, and she cannot be liable under § 1983 merely because she is the

supervisor of others who were involved in an alleged constitutional violation. *See, e.g., Felix-

Torres v. Graham*, 687 F. Supp. 2d 38, 54 (N.D.N.Y. 2009). But the Court will not yet dismiss.

At a later stage we will discuss whether Plaintiff possesses facts that he might include in an

Amended Complaint,that could state a claim against Malin.

_____

        [1] Prisoners are not exempt from paying the full filing fee, even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on Shelton and Cruz until the Court reviewed the complaint and ordered that summonses be issued for those defendants. The Court therefore extends the time to serve Shelton and Cruz until 90 days after the date that the summonses for those defendants are issued. If the complaint is not served on those defendants within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Shelton and Cruz through the U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms ("USM-285 form") for Shelton and Cruz. The Clerk of Court is further instructed to issue summonses for Shelton and Cruz, and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on Shelton and Cruz.

Plaintiff must notify the Court if his address changes, and the Court may dismiss this

action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with

an information package.

The Court further directs the Clerk of Court to issue summonses for Defendants Shelton

and Cruz, complete USM-285 forms with the service addresses for those defendants, and deliver

all documents necessary to effect service on those defendants to the U.S. Marshals Service.

SO ORDERED.

Dated:   December 13 ,2019
          White Plains, New York

_____
           CATHY SEIBEL
          United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.  Oman Shelton, Food Service Administrator
    Sing Sing Correctional Facility
    354 Hunter Street
    Ossining, New York 10562-5442

2.  Cruz, Civilian Cook V
    Sing Sing Correctional Facility
    354 Hunter Street
    Ossining, New York 10562-5442